UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD OLIVEIRA,

Plaintiff

v.

C.A. NO. CA 06 340ML

NARRAGANSETT COUNCIL, BOY SCOUTS OF AMERICA &
BOY SCOUTS OF AMERICA

Defendants

## COMPLAINT

## INTRODUCTORY STATEMENT

The action is commenced by Richard Oliveira (hereinafter "Plaintiff" or "Oliveira") against Narragansett Council, Boy Scouts of America & Boy Scouts of America, (hereinafter "Employers" or "Defendants") in order to remedy or seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., in addition to other federal state and common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. The action is authorized and instituted pursuant to pertinent provisions of the ADEA, 29 U.S.C. § 621-634.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of the court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in the district pursuant to inter alia, 28 U.S.C. 1391 (b), because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in the judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in East Providence, Rhode Island;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of his employment, as a full-time employee of Defendants at its East Providence, Rhode Island facility, but for the Defendants unlawful practices.

4. On or about October 24, 2005, Oliveira timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that he had been discriminated against on the basis of his age—RICHR #: 06 EAG 098; EEOC #: 16JA600027.

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of the action in federal court, in each of its counts, including requesting Right To Sue Authorization from the pertinent administrative agency(ies).

THE PARTIES

6. The Plaintiff, Richard Oliveira, an individual, is a resident of the Town of North Dartmouth, Massachusetts.

7. On information and belief, the Defendant, Narragansett Council, Boy Scouts of America, is a Rhode Island corporation, registered and authorized to conduct business in the State of Rhode Island. Defendant Narragansett Council, Boy Scouts of America owns, operates, and maintains a principal place of business at 10 Risho Avenue, PO Box 14777, East Providence, RI 02914. Defendant Boy Scouts of America is a foreign corporation with corporate offices located at 1325 West Walnut Hill Lane, PO Box 152079, Irving, Texas. The Defendants were/are sufficiently joined and intertwined in terms of ownership and corporate direction, financial matters, workplace policies and procedures, and other indicia of common ownership and control to be determined one single employer or, in the alternative, joint employers for the purposes of all claims at issue in this action, and to be held jointly and severally liable.

8. At all times material to the allegations of the Complaint, the Defendants have continuously, and do now, employ at least 50 or more employees in the State of Rhode Island.

9. At all times material to the allegations of the Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the ADEA, as defined in § 11(g) of the ADEA (29 U.S.C.S. § 630(g) and § 11(h) of the ADEA (29 U.S.C.S. § 630(h)).

10. At all times material to the allegations of the Complaint, Defendants were and are "employers" within the meaning of that term as applicable in pertinent provisions of the ADEA, as defined in § 11(b) of the ADEA (29 USCS § 630(b)).

11. Oliveira is an "individual" within the meaning of pertinent provisions defining that term under the ADEA, and an individual covered under the provisions of that statute.

12. At all times material to the action, the Defendants were and are Employers covered under and subject to the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990). At all times material to the action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq.

## FACTS APPLICABLE TO EACH COUNT

13. Oliveira was born on December 10, 1950, and was approximately 54 years of age at the time of the incidents pertinent to this Complaint.

14. Oliveira was compelled to relinquish his employment with the Defendants on or about December 31, 2004. At the time of his separation, Oliveira had been employed by Defendants consecutively, and on a full-time basis, for approximately 8 years.

15. During his employment, Oliveira held the position of District Executive, serving the Cachlot District, which included approximately ten towns from Dartmouth, Massachusetts to Wareham, Massachusetts.

16. In all respects, Oliveira performed his duties in a satisfactory manner, meeting the Defendants' legitimate performance expectations.

17. Based on Oliveira's good faith knowledge and belief, Oliveira was the oldest of approximately eight district executives serving the Narragansett Council.

18. At the time cited in this Complaint, those executives varied in age from approximately early twenties through early thirties, with one being approximately 43 years of age.

19. During the course of Oliveira's employment, comments were made by supervisors and others, reflecting an age based bias.

20. Oliveira's immediate supervisor, who was in his twenties, referred to him as "the old man."

21. On other occasions, two other district executives also believed to be in their twenties, referred to Oliveira as "old man."

22. During Oliveira's annual reviews, it was stated that because of his age, he brought stability to the younger district executives.

23. Based on good faith information and belief, it is Oliveira's understanding, that on a separate occasion, his replacement stated to a group of people that Oliveira was "too old for the job."

24. The Current Chief Executive has stated that he prefers "younger" executives.

25. It is Oliveira's belief that in 2001, the Council Accountant was replaced by a younger employee with no background in accounting.

26. Oliveira was forced to resign on or about December 31, 2004, when he was informed by the Employer that if he did not sign a letter of resignation, he would be terminated and receive no severance benefits.

27. On information and belief, and at all times pertinent to this Complaint, the managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

28. Based on information and belief, the Defendants have implemented no formal policies or procedures to inform employees of their rights to a nondiscriminatory workplace, or to address issues of alleged discrimination in the workplace.

29. But for the Defendants' intention to discriminate against Plaintiff on the basis of his age, the Plaintiff would not have been subjected to discriminatory terms and conditions of employment, or been compelled to relinquish his employment.

30. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on age.

31. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of his age.

32. The wrongful actions by Defendants and their agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

COUNT I
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
CONSTRUCTIVE TERMINATION
RETALIATION
R.I.G.L. SECTION 42-112-1

33. The allegations contained in Paragraphs 1-32 above are incorporated herein by reference in their entirety.

34. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his age;

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

35. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Oliveira's age. Such practices include, but are not limited to, Defendants':

a.) constructively terminating Oliveira because of his age;

b.) retaliating against Oliveira because he asserted his right to be free from a workplace free from discrimination based on age; and

c.) subjecting him to discriminatory terms and conditions of employment.

36. But for the Defendants' intent to discriminate against Plaintiff because of his age, Defendants would not have terminated Plaintiff, or subjected him to discriminatory terms and conditions of employment, or retaliated against him.

37. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's age. The Defendants' conduct has unlawfully deprived Plaintiff of his employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621 ET SEQ.

38. Paragraphs 1-32 above are incorporated herein by reference in their entirety.

39. The Defendants' conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-32, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

40. The Defendants' conduct in terminating the Plaintiff, and as otherwise referenced in paragraphs 1-32, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of his age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

41. The conduct by Defendants referenced in paragraphs 1-32, above, represents a willful violation of § 4(a)(1) and (2) of the ADEA, 29 U.S.C. § 623 (a)(1) and (2), and other sections, by continuously maintaining age-based employment policies which have the intended objective of removing qualified employees, including Plaintiff, from employment solely on the basis of age.

42. Defendants willfully and arbitrarily terminated Plaintiff, denying him employment opportunities and other benefits, in violation of the ADEA, 29 U.S.C. § 621 et seq.

43. The Defendants' discriminatory conduct, policies, and practices regarding retention and job opportunities are violative of the provisions of the ADEA, 29 U.S.C. § 621 et seq., by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his age; and

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

44. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Oliveira's age. Such practices including, but are not limited to, Defendants':

a.) constructively terminating Oliveira because of his age;

b.) retaliating against Oliveira because he asserted his right to be free from workplace discrimination based on age; and

c.) subjecting him to discriminatory terms and conditions of employment.

45. But for the Defendants' intent to discriminate against Plaintiff because of his age, Defendants would not have constructively terminated Plaintiff, denied him employment opportunities, or subjected him to discriminatory terms and conditions of employment.

46. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

47. By its conduct, the Employers have failed in its affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory insult, intimidation, or abuse directed at older workers.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. §28-5-1 et seq.

DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
CONSTRUCTIVE TERMINATION
RETALIATION

48. Paragraphs 1-32 above are herein incorporated by reference in their entirety.

49. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his age; and

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

50. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Oliveira's age. Such practices include, but are not limited to, Defendants':

a. constructively terminating Oliveira because of his age;

b. forcing Oliveira to work under discriminatory terms and conditions of employment; and

c. retaliating against Oliveira for asserting his rights to be free from discrimination based on age.

51. But for the Defendants' intent to discriminate against Plaintiff because of his age, Defendants would not have constructively terminated Plaintiff or subjected him to discriminatory terms and conditions of employment.

52. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of age;

b.) an order that the Defendants make whole the Plaintiff with appropriate lost earnings, back pay, front pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to his position of employment, or some other appropriate and equivalent position, with appropriate increases, benefits, status, and promotional opportunities;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for health and life insurance premiums, medical treatment while without insurance, and the cost of seeking new employment, and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of the action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date the cause of action accrued, pursuant to R.I.G.L. Section 9-21-10;

h.) grant such further relief as the court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in the Complaint triable as of right by jury.

Respectfully Submitted,
Richard Oliveira,
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)