**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD OLIVEIRA** | : | |
| **vs.** | : | **C.A. No. PC 06-340ML** |
| **NARRAGANSETT COUNCIL, BOY SCOUTS OF AMERICA & BOY SCOUTS OF AMERICA** | : | |

**ANSWER OF DEFENDANT**
**NARRAGANSETT COUNCIL, BOY SCOUTS OF AMERICA**

Now comes Defendant, Narragansett Council, Boy Scouts of America [hereinafter sometimes referred to as "Defendant" or "this Defendant"] and hereby answers the Complaint herein filed as follows:

**INTRODUCTORY STATEMENT**

In regards to Plaintiff's "Introductory Statement," this Defendant is without knowledge sufficient to form a belief regarding his intentions in filing this Complaint. Defendant denies any assertions in this statement that attempt to state a claim against this Defendant.

**"JURISDICTION AND VENUE"**

1. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

2. This Defendant is without sufficient knowledge to form a belief as to the truth of

the allegations set forth in Paragraph 2 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

3. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

a. This Defendant denies any unlawful practices occurred.

b. This Defendant denies any unlawful practices occurred. This Defendant is without sufficient knowledge to form a belief regarding where "all records relevant to the alleged unlawful practices" are maintained and, therefore, leaves the Plaintiff to his proof thereof.

c. Denied as to this Defendant.

4. Defendant admits that Plaintiff filed a Charge of Discrimination with the RICHR that was received by the RICHR on October 24, 2005. Defendant is without sufficient information to form a belief regarding the remainder of the allegations contained in Paragraph 4 and, therefore, leaves the Plaintiff to his proof thereof.

5. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

**"THE PARTIES"**

6. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

7. Defendant admits that it is a Rhode Island Corporation registered and authorized

to conduct business in the State of Rhode Island and maintains a place of business in East Providence, Rhode Island. Defendant admits that the Boy Scouts of America has offices located in Irving, Texas. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Denied as to this Defendant.

9. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

10. This Defendant admits that it does employ twenty (20) or more employees. This Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

11. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

12. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

**"FACTS APPLICABLE TO EACH COUNT"**

13. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

14. This Defendant admits that the Plaintiff's employment with this Defendant ceased effective December 31, 2004, and began employment with the Moby Dick Council, Boy Scouts of America, on or about August 4, 1997.

15. Admit.

16. Denied as to this Defendant.

17. This Defendant admits that Plaintiff was the oldest District Executive serving the Narragansett Council.

18. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiff's Complaint, as the allegations cover an eight (8) year period, making it difficult to identify the age of other employees. Defendant, therefore, leaves the Plaintiff to his proof thereof.

19. Denied as to this Defendant.

20. Denied as to this Defendant.

21. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

22. Denied as to this Defendant.

23. This Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint, and leaves the Plaintiff to his proof thereof.

24. Denied as to this Defendant.

25. Denied as to this Defendant.

26. This Defendant admits that the Plaintiff was informed in late 2004 that his services would not be retained due to his unsatisfactory performance. As to all other allegations in this paragraph: denied as to this Defendant.

27. Denied as to this Defendant.

28. Denied as to this Defendant.

29. Denied as to this Defendant.

30. Denied as to this Defendant.

31. Denied as to this Defendant.

32. Denied as to this Defendant.

**"COUNT I"**
**"DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT"**
**"CONSTRUCTIVE TERMINATION"**
**"RETALIATION"**
**"R.I.G.L. SECTION 42-112-1"**

33. This Defendant hereby incorporates by reference its previous responses to the allegations contained in the Complaint as if set forth fully and at length herein.

34. Denied as to this Defendant.

35. Denied as to this Defendant.

36. Denied as to this Defendant.

37. Denied as to this Defendant.

**"COUNT II"**
**"AGE DISCRIMINATION IN EMPLOYMENT ACT"**
**"29 U.S.C. §621 ET SEQ."**

38. This Defendant hereby incorporates by reference its previous responses to the allegations contained in the Complaint as if set forth fully and at length herein.

39. Denied as to this Defendant.

40. Denied as to this Defendant.

41. Denied as to this Defendant.

42. Denied as to this Defendant.

43. Denied as to this Defendant.

44. Denied as to this Defendant.

45. Denied as to this Defendant.

46. Denied as to this Defendant.

47. Denied as to this Defendant.

**"COUNT III"**
**"RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT"**
**"R.I.G.L. §28-5-1 et seq."**
**"DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT"**
**"CONSTRUCTIVE TERMINATION"**
**"RETALIATION"**

48. This Defendant hereby incorporates by reference its previous responses to the allegations contained in the Complaint as if set forth fully and at length herein.

49. Denied as to this Defendant.

50. Denied as to this Defendant.

51. Denied as to this Defendant.

52. Denied as to this Defendant.

**AFFIRMATIVE DEFENSES**

As its affirmative defenses to the Plaintiff's Complaint, this Defendant avers as follows.

1. Plaintiff has failed to mitigate his alleged damages.

2. This Defendant's actions with respect to the Plaintiff were based upon reasonable factors other than age.

3. This Defendant's actions with respect to the Plaintiff would have been the same regardless of his age.

4. The Plaintiff has failed to exhaust administrative remedies.

5. Plaintiff's claims are barred by the applicable statute of limitations.

6. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

7. This Defendant denies all remaining and heretofore unanswered allegations of the Complaint.

8. This Defendant expressly denies that the Plaintiff is entitled to judgment against it for any reason or cause.

9. This Defendant asserts that the Plaintiff seeks certain relief not provided for under the pertinent laws.

10. This Defendant reserves the right to add additional defenses as facts become known to him during pretrial discovery.

WHEREFORE, this Defendant respectfully prays that the Plaintiff be awarded no relief by and through the above-captioned matter, that this Honorable Court grant judgment in favor of

this Defendant and against the Plaintiff, and that this Defendant be awarded all reasonable attorney's fees and costs incurred in the defense of the above-entitled action.

Defendant,
Narragansett Council, Boy Scouts of America
By its attorneys,

Thomas J. McAndrew & Associates

/s/ Thomas J. McAndrew__________________
Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Suite 205
Providence, RI 02903
Tel: (401) 455-0350
Fax: (401) 455-0882

**JURY DEMAND**

Defendant, Narragansett Council, Boy Scouts of America, hereby claims a trial by jury and designates Thomas J. McAndrew, Esquire as trial counsel.

**CERTIFICATION**

I hereby certify that a true copy of the within was delivered via the ECF System, on this 25th day of October, 2006, to the following:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, R.I. 02903

_/s/ Thomas J. McAndrew_________________