**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RICHARD OLIVEIRA,

Plaintiff

v. C.A. NO. 06 340 ML

NARRAGANSETT COUNCIL, BOY SCOUTS
OF AMERICA &
BOY SCOUTS OF AMERICA

Defendants

# STATEMENT FOR RULE 16 CONFERENCE

## I. INTRODUCTORY STATEMENT/NATURE OF THE ACTION

The action was commenced by Richard Oliveira (hereinafter "Plaintiff" or "Oliveira") against Narragansett Council, Boy Scouts of America & Boy Scouts of America, (hereinafter "Employers" or "Defendants") in order to remedy or seek relief for the Defendants' alleged unlawful and discriminatory employment practices, in violation of The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., in addition to other federal state and common law claims.

## II. FACTUAL ALLEGATIONS

Oliveira was born on December 10, 1950, and was approximately 54 years of age at the time of the incidents pertinent to his Complaint. Oliveira was compelled to relinquish his employment with the Defendants on or about December 31, 2004. At the time of his separation, Oliveira had been employed by Defendants consecutively, and on

a full-time basis, for approximately 8 years. During his employment, Oliveira held the position of District Executive, serving the Cachlot District, which included approximately ten towns from Dartmouth, Massachusetts to Wareham, Massachusetts. In all respects, Oliveira performed his duties in a satisfactory manner, meeting the Defendants' legitimate performance expectations. Based on Oliveira's good faith knowledge and belief, Oliveira was the oldest of approximately eight district executives serving the Narragansett Council. At the time cited in this Complaint, those executives varied in age from approximately early twenties through early thirties, with one being approximately 43 years of age. Oliveira alleges that, during the course of his employment, comments were made by supervisors and others, reflecting an age based bias. Oliveira's complaint alleges that his immediate supervisor, who was in his twenties, referred to him as "the old man," and that on other occasions, two other district executives also believed to be in their twenties, referred to him as "old man." Oliveira also alleges that during his annual reviews, it was stated that because of his age, he brought stability to the younger district executives. Based on good faith information and belief, it is Oliveira's understanding, that on a separate occasion, his replacement stated to a group of people that Oliveira was "too old for the job." He also alleges that the Current Chief Executive has stated that he prefers "younger" executives. It is Oliveira's belief that in 2001, the Council Accountant was replaced by a younger employee with no background in accounting.

Oliveira was forced to resign on or about December 31, 2004, when he was informed by the Employer that if he did not sign a letter of resignation, he would be terminated and receive no severance benefits.

III. TRIAL ISSUES

The Plaintiff does not anticipate any unusual trial issues. The Plaintiff is claiming that the Defendants' decision to terminate him was motivated by impermissible and unlawful considerations concerning Oliveira's age in violation of the Age Discrimination in Employment Act, 29 U.S.C. sec 621 et sec., and other state and federal laws. Plaintiff is also alleging that he had no choice but to resign, citing that he was constructively terminated.

IV. CASE PROCESSING MATTERS

The Parties have not engaged in settlement negotiations to date. The Plaintiff is open to participating in any form of Alternative Dispute Resolution Program.

Respectfully Submitted,
Richard Oliveira,
By His Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)
stephenfanning@msn.com

CERTIFICATION

I hereby attest that a true and accurate copy of the above was served by electronic mail on counsel for the Defendants, Thomas J. McAndrew, at tmcandrew@tmcandrewlaw.com on this 20th day of December, 2006.

/s/ Stephen T. Fanning