**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD OLIVEIRA** | : | |
| **vs.** | : | **C.A. No. PC 06-340ML** |
| **NARRAGANSETT COUNCIL, BOY SCOUTS OF AMERICA** | : | |

**DEFENDANT'S MOTION TO COMPEL**
**MORE RESPONSIVE ANSWERS TO FIRST SET OF INTERROGATORIES**

Defendant, Narragansett Council, Boy Scouts of America, hereby moves to compel Plaintiff, Richard Oliveira, to provide more responsive answers to Defendant's First Set of Interrogatories within twenty (20) days.

**Interrogatory No. 1:** Identify the person or persons who answered or assisted in answering these Interrogatories and all persons who were consulted in answering these Interrogatories, listing which Interrogatories each consulted or assisted in answering and what information they provided in answering any of these Interrogatories. For each of these persons, give their names and addresses.

**Response No. 1:** Plaintiff's Attorney: Stephen T. Fanning

**Response Sought:** State whether the Plaintiff answered the Interrogatories. State the Plaintiff's address and identify the information he provided.

**Interrogatory No. 4:** With respect to the allegations pertaining to policies, practices or requirements (hereinafter, "Policies") which discriminate on the basis of age, describe each such

Policy, and identify each person discriminated against and the manner in which such discrimination occurred. Identify all facts on which your allegations of such discrimination are based.

**Response No. 4:** In Plaintiff's Response No. 7, he has specified the individuals who have discriminated against him and in the manner in which such discrimination occurred. Plaintiff alleges that the Defendant violated policies against discrimination in the workplace on the basis of age.

**Response Sought**: This Interrogatory requests the name of "each person" discriminated against. Plaintiff's response only addresses discrimination "against him." If Plaintiff is aware of no other person against whom discrimination has occurred, Plaintiff should so state, or in the alternative, if he is aware of such a person or persons, he should identify the alleged victim of discrimination and identify all facts upon which such allegation of discrimination is based. Plaintiff also fails entirely to describe the "Policies" as requested.

**Interrogatory No. 5:** If you allege that the Defendant's Policies are not job related, please state all facts on which you base your allegations.

**Response No. 5:** Objection. Plaintiff objects on the basis that this Interrogatory in [sic] overbroad.

**Defendant's Response to Objection:** Defendant moves that Plaintiff's objection be stricken because it is not sufficiently specific to allow the court to ascertain claimed objectionable character of Interrogatory. Mere recitation of familiar litany that an Interrogatory is overly broad, burdensome, oppressive and irrelevant does not suffice as specific objection. Burns v. Imagine Films Entertainment, 164 FRD 589 (W.D.N.Y. 1996). Plaintiff has completely failed to describe the Policies requested (the term "Policies" only refers to policies against

discrimination, which are the policies Plaintiff contends were violated. Plaintiff should be able to describe those policies.

**Interrogatory No. 6:** With respect to the allegations of paragraphs 28 and 47 pertaining to the Defendant's failure to take action to insure that the work environment is free of ageist attitudes and actions and to inform employees of their rights to a nondiscriminatory workplace, please identify each action the Defendant has not taken that you contend it should have taken, and the effect that each such action would have had on the work environment. Please state all facts on which you base your allegations.

**Response No. 6:** The Defendant had the affirmative duty to implement formal policies and procedures to inform employees of their rights to a nondiscriminatory workplace and to address issues of alleged discriminatory conduct in the workplace. The Defendant failed to train and supervise its employees and condoned a workplace where age-based animus was accepted instead of admonished. In fact, most of the conduct that the Plaintiff complains of emanated from people in supervisory positions. The Defendant had the duty to provide the Plaintiff with a lawful work environment free from discriminatory behavior by coworkers and superiors which negatively affected the terms and conditions of his employment.

**Response Sought:** Plaintiff's answer is insufficient in that it does not specify *specific actions* that Plaintiff contends Defendant failed to take and should have taken, and the effect that each such action would have had on the work environment.

**Interrogatory No. 7**: With respect to allegations of paragraphs 19, 20 and 21, pertaining to comments made by agents of the Defendant, please identify the person or persons making such comments, and the location in which it was made, the date or dates on which the comments

were made, the nature of the comments, and your response thereto. Identify all actions you took in response to each comment, including the name of any individual to whom you reported the comments.

**Response No. 7:** Dennis Almeida called Plaintiff "old man" on several occasions. Andrew Grande and Christopher Rooney also referred to the Plaintiff as an "old man." At a Staff Meeting with Dave Anderson, Marc Andreo, the 7 other District Executives, and the 3 Learning for Life Executives, it was determined that the Plaintiff was the oldest member of the group. During Plaintiff's review, it was consistently mentioned that because of his age, he brought stability to the younger executives in the wing. Plaintiff's replacement stated at a Cub-Day meeting in March that the Plaintiff was "too old for the job." The Chief Executive stated that he prefers "younger" executives. In April 2004, Dennis Almeida told the Plaintiff that age played a factor in Plaintiff becoming a Senior District Executive and that Dave Anderson prefers to have young people in the profession.

**Response Sought:** Plaintiff's response is insufficient in that it does not address the second sentence in Interrogatory No. 7. Plaintiff should identify all actions that Plaintiff took in response to any referenced comments, including dates where appropriate, and the names of any individuals to whom he reported the comments. He should provided a date for the staff meeting referred to in the third sentence of Plaintiff's response. He should identify by name the "7 other District Executives" and "3 Learning for Life Executives" referred to in the second sentence of Plaintiff's Complaint.

**Interrogatory No. 8:** With respect to the allegations of paragraphs 31, 32, 37, 43, 46, 49 and 52 pertaining to the Defendant's subjecting older workers to humiliation in the work environment, please identify each instance of such subjection, the persons involved, the location

at which such subjection occurred, the date or dates on which the subjection occurred, and the nature of the subjection. Identify all actions you took in response to each event, including the names of any individual to whom you reported the event.

**Response No. 8:** Dennis Almeida called Plaintiff "old man" on several occasions. Andrew Grande and Christopher Rooney also referred to the Plaintiff as an "old man." At a Staff Meeting with Dave Anderson, Marc Andreo, the 7 other District Executives, and the 3 Learning for Life Executives, it was determined that the Plaintiff was the oldest member of the group. During Plaintiff's review, it was consistently mentioned that because of his age, he brought stability to the younger executives in the wing. Plaintiff's replacement stated at a Cub-Day meeting in March that the Plaintiff was "too old for the job." The Chief Executive stated that he prefers "younger" executives. In April 2004, Dennis Almeida told the Plaintiff that age played a factor in Plaintiff becoming a Senior District Executive and that Dave Anderson prefers to have young people in the profession.

**Response Sought:** Plaintiff's response is insufficient in that it offers almost no specific facts concerning any subjection to humiliation, and does not address the second sentence of Interrogatory No. 8. Plaintiff should identify all actions Plaintiff took in response to any referenced events, including dates where appropriate, and the names of any individuals to whom he reported the events.

**Interrogatory No. 9:** With respect to the allegations of paragraphs 27 and 29 pertaining to the Defendant's intentional discrimination against older workers in an attempt to coerce their resignations, please state all facts upon which you base your allegation, including the date of each incident of discrimination and the name of the victim of such discrimination, the nature of

the discrimination, and the name of any witnesses to the discrimination. Identify all actions you took in response to each event, including the name of any individual to whom you reported the event

**Response No. 9:** The Defendant's intentionally discriminated against older workers in an attempt to coerce their resignation by the circumstances surrounding the Plaintiff's separation of employment from the employer. The Plaintiff, who was in the protected age category, was the subject of age-based bias from his superiors prior to his termination. On or about December 31, 2004, he was informed by the Employer that if he did not sign a letter of resignation, he would be terminated and receive no severance benefits.

**Response Sought:** The Plaintiff's response is deliberately phrased in the plural ("workers", "their resignation"); however, Plaintiff only describes facts and events in which he alleges that he was the victim of discrimination. If Plaintiff is unaware of any other victim of alleged discrimination, he should so state: otherwise, Plaintiff should provide the names of each alleged victim of discrimination other than Plaintiff, the date of such discrimination, all facts upon which Plaintiff bases his allegations, the nature of the discrimination, and the name of any witnesses to the discrimination.

**Interrogatory No. 10:** With respect to the allegations of paragraphs 23 and 24, pertaining to comments that you were too old for the job, please identify the dates and nature of each comment, the person who made the comments, and any witnesses to the comment.

**Response No. 10:** Please refer to Response No. 7. Further answering, Plaintiff believes that many co-employees truthful testimony would substantiate his allegations that in staff meetings, certain executives singled him out as being the oldest member of the group. Plaintiff also believes that Michelle Carr was present when Christopher Rooney stated to

employees at a meeting that he was "too old for the job." Plaintiff believes that Dennis Almeida's truthful testimony would also substantiate the fact that Plaintiff was concerned that the Employer had an age-based bias because he voiced these concerns to him, specifically asking if Mr. Almeida believed if age had anything to do with Plaintiff not receiving a promotion. Plaintiff recalls that Andrew Grande and Christopher Rooney were present for some of these discussions.

**Response Sought:** Plaintiff has failed entirely to answer this Interrogatory. Plaintiff should disclose the facts upon which the several "beliefs" described in his response are based. Plaintiff should provide the dates and locations of all conversations referred to in Plaintiff's response or which are responsive to this Interrogatory. Plaintiff should identify by name the "co-employees" and "certain executives" referred to in the second sentence of Plaintiff's response, and any other witnesses to the events described in his response.

**Interrogatory No. 11:** If you allege that the Defendant alters job responsibilities or workloads in an attempt to coerce workers to resign, please identify each fact in support of such contention, including without limitation, the title of each such job that was altered, the nature and date of the alteration, and the name of the employee occupying the job at the time.

**Response No.11:** The Defendant overlooked the Plaintiff with a training assignment. The Plaintiff was the staff assigned to counsel training and currently that has been divided so that workload has been divided among staff. Plaintiff believes that this action was an effort by the Defendant to overwork Plaintiff and coerce him to resign.

**Response Sought:** Plaintiff's response is limited to the job responsibilities and workload of Plaintiff's position. Plaintiff should provide a more responsive answer setting forth the information requested as it relates to the instance Plaintiff describes and any other instances

in which the Defendant allegedly altered job responsibilities or workloads in an attempt to coerce certain workers to resign, or in the alternative, confirm that the plaintiff had no knowledge of any such other instances. Plaintiff should state the facts upon which the belief described in the last sentence of this response is based.

**Interrogatory No. 12:** Identify all the facts in support of your allegations of paragraphs 35, 44, 45 and 50, pertaining to discriminatory terms and conditions of employment, including the nature of the discriminatory terms and conditions, the date and place in which you first learned of the terms and conditions, and any action you took in response to the imposition of the terms and conditions.

**Response No. 12:** Please refer to Plaintiff's Responses to 10, 7, and 8.

**Response Sought:** The answer provided is non-responsive to the Interrogatory. Plaintiff should identify or describe the nature of the discriminatory terms and conditions of employment. The responses to which he refers do not do that. Plaintiff should provide the exact dates of conversations referred to in Plaintiff's response, and the name and title of each agent of the Defendant involved. He should describe with specificity any actions he took in response to the imposition of the alleged discriminatory terms and conditions of employment, providing dates and identification of persons by name whenever applicable.

**Interrogatory No. 15:** Identify all facts in support of your allegations in paragraph 52 pertaining to the Defendant's failure to equally consider older workers for transfers or promotions.

**Response No. 15:** Plaintiff believes that he was denied certain promotions based on his age. Plaintiff went so far as to bring this concern to his immediate supervisor, Dennis

Almedia's [sic] attention on numerous occasions and in the presence of Christopher Rooney and Andrew Grande. Plaintiff asserts that Mr. Almeida did not give him a straight answer or failed to answer his inquiry at all regarding whether the denial of a promotion was aged-based.

**Response Sought:** A more responsive answer is required. Plaintiff should disclose the facts on which the belief described in the first sentence of this response is based. Plaintiff should provide dates of conversations to which Plaintiff refers, the place where such conversations occurred, a description of the substance of these conversations, and the names of any other witnesses.

**Interrogatory No. 18:** Describe your relationship with and support of key volunteers insofar as such relations and support pertained to your job.

**Response No. 18:** Plaintiff had a good working relationship with the vast majority of the volunteers. In fact, the volunteers threw Plaintiff a going away party when he separated from the Council.

**Response Sought:** The response provided is insufficient in that it does not provide enough specificity to be responsive to the Interrogatory. Plaintiff should identify by name the key volunteers, and describe with more specificity his relationship and support of them as pertaining to his job.

**Interrogatory No. 23:** If you contend that you have sustained emotional or physical injury or damage on the basis of which liability may be imposed on the Defendant under any of the theories identified in your complaint, state the nature of such emotional or physical injury, the nature of any physical manifestation of such emotional or physical injury, the amount of liability to which the Defendant may be subject as a result of such emotional or physical

injury, and the manner of calculating the damages attributable to such emotional or physical injury.

**Response No. 23:** Plaintiff suffered emotionally from the conduct of the Defendants, including but not limited to harm to his professional and personal reputations. The [sic]

**Response Sought:** The answer provided is incomplete and non-responsive. A responsive answer is required.

Respectfully Submitted,

Thomas J. McAndrew & Associates

/s/ Thomas J. McAndrew

Thomas J. McAndrew, Esq. (#1001)
One Turks Head Place, Suite 205
Providence, RI 02903
Tel: (401) 455-0350
Fax: (401) 455-0882

**CERTIFICATION**

I hereby certify that I electronically filed the within Motion on June 25, 2007. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Stephen T. Fanning, Esq.
305 South Main Street
Providence, R.I. 02903

/s/ Thomas J. McAndrew